UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| SOCORRO KEENAN,<br><br>Plaintiff,<br><br>v.<br><br>LETICIA ACOSTA, et al.,<br><br>Defendants. | Case No.: 2:20-cv-02059-KJD-EJY<br><br>**ORDER**<br>**and**<br>**REPORT AND RECOMMENDATION**<br><br>Re:  Plaintiff's Complaint<br>(ECF No. 1-1) |

Presently before the Court is Plaintiff Socorro Keenan's Application for Leave to Proceed *in forma pauperis* (ECF No. 1), attached to which is a Complaint. ECF No. 1-1. The Court finds as follows.

**I.    *IN FORMA PAUPERIS* APPLICATION**

Plaintiff has submitted the affidavit required by § 1915(a) showing an inability to prepay fees and costs or give security for them. ECF No. 1. Accordingly, the request to proceed *in forma pauperis* is granted pursuant to 28 U.S.C. § 1915(a).

**II.    SCREENING THE COMPLAINT**

Upon granting a request to proceed *in forma pauperis*, a court must screen the complaint under 28 U.S.C. § 1915(e)(2). In screening the complaint, a court must identify cognizable claims and dismiss claims that are frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Dismissal for failure to state a claim under Section 1915(e)(2) incorporates the standard for failure to state a claim under Fed. R. Civ. P. 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive Section 1915 review, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court liberally construes *pro se* complaints and may only dismiss them "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would

entitle him to relief." *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014) (internal citation omitted).

In considering whether the complaint is sufficient to state a claim, all allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. *Wyler Summit P'ship v. Turner Broad. Sys. Inc.*, 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted). Although the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.* Unless it is clear the complaint's deficiencies could not be cured through amendment, a *pro se* plaintiff should be given leave to amend the complaint with notice regarding the complaint's deficiencies. *Cato v. U.S.*, 70 F.3d 1103, 1106 (9th Cir. 1995).

In this case, Plaintiff alleges Leticia Acosta ("Acosta"), two of Acosta's privately retained attorneys (Russell G. "Gubler" and Ashveen S. "Dhillon"), and the law firm at which these lawyers are employed (Johnson & Gubler, P.C.) violated her civil rights under 42 U.S.C. §§ 1985 and 1986. ECF No. 1-1 ¶¶ 3-6; *see also id*. at 8. Plaintiff identifies four parcels of real property that she owns in Las Vegas and Henderson, Nevada. ECF No. 1-1 ¶ 2. Plaintiff claims Defendants conspired with one another to forge fraudulent documents establishing ownership of Plaintiff's property, after which they filed unlawful detainer actions against Plaintiff in Nevada state court to evict her from her property. *Id*. ¶¶ 35-36. Among other things, Plaintiff also contends Acosta broke into one of her homes, stole her personal and legal mail, and harassed her tenants with illegitimate foreclosure documents. *Id*. ¶¶ 15, 17, 23-24.

**III.    DISCUSSION**

A plaintiff must first present a cognizable claim under Section 1983 to state a claim for conspiracy under Section 1985. *Olsen v. Idaho State Bd. of Med.*, 363 F.3d 916, 930 (9th Cir. 2004). Likewise, the existence of an actionable conspiracy under Section 1985 is a prerequisite for a Section 1986 claim. *Williams v. Sumner*, 648 F.Supp. 510, 511 (D. Nev. 1986). Plaintiff may be able to state viable Sections 1983, 1985, and 1986 claims against the Defendants; however, she presently fails to do so.

A plaintiff seeking to state a claim for relief under Section 1983 must allege that (1) the defendant subjected him to a deprivation of a right, privilege, or immunity secured by the Constitution or laws of the United States, and (2) the defendant acted under color of state law or authority. *Morrison v. Jones*, 607 F.2d 1269, 1276-76 (9th Cir. 1979), *cert. denied*, 445 U.S. 962 (1980). Even when liberally construed in the light most favorable to Plaintiff, Plaintiffs' Complaint contains no allegation that any Defendant acted under color of state law. *Wyler Summit P'ship*, 135 F.3d at 661. Instead, Plaintiff's allegations concern Defendants' "purely private conduct," which does not invoke liability for violation of civil rights under Section 1983. *Dist. of Columbia v. Carter*, 409 U.S. 418, 424 (1973). Because Plaintiff fails to allege Section 1983 claims against Defendants, it follows that Plaintiff also does not state Section 1985 or 1986 claims against these parties. *Olsen*, 363 F.3d at 930; *Williams*, 648 F.Supp. at 511.

Moreover, even if Plaintiff sufficiently pleaded Defendants acted under color of state law and deprived her of a federally protected right, Plaintiff fails to present cognizable Section 1985 and 1986 claims. Claims under Section 1985 must be motivated by racial or other class-based animus. *Mollnow v. Carlton*, 716 F.2d 627, 628 (9th Cir. 1983). Plaintiff fails to assert that Defendants acted with the requisite motivation and offers no facts from which such motivation could be gleaned. As stated above, a plaintiff must first demonstrate a conspiracy actionable under Section 1985 to state a Section 1986 claim. *Williams*, 648 F.Supp. at 511. Therefore, as currently pleaded, Plaintiff fails to allege sufficient facts to state a Section 1985 or 1986 claim against Defendants.

**IV.     ORDER**

IT IS HEREBY ORDERED that Plaintiff's Application for Leave to Proceed *in forma pauperis* (ECF No. 1) is GRANTED. Plaintiff will not be required to pay the filing fee in this action. Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of a security for fees or costs. This Order granting leave to proceed *in forma pauperis* does not extend to the issuance of subpoenas at government expense.

**V.     RECOMMENDATION**

IT IS HEREBY RECOMMENDED that Plaintiff's claims under 42 U.S.C. §§ 1985 and 1986 against Defendants be DISMISSED without prejudice, with leave to amend.

IT IS FURTHER RECOMMENDED that Plaintiff be given **thirty (30) court days** from the date this Report and Recommendation is accepted and adopted to file an amended complaint correcting the above deficiencies, with the following admonishment: Plaintiff is advised that if she files an amended complaint, her Complaint (ECF No. 1-1) no longer serves any function in this case. As such, the amended complaint must be complete in and of itself without reference to prior pleadings or other documents. The Court cannot refer to a prior pleading or other documents to make Plaintiff's amended complaint complete.

IT IS FURTHER RECOMMENDED that if Plaintiff fails to comply with this recommendation, the Court be entitled to recommend this case be dismissed with prejudice.

DATED this 18th day of November, 2020.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

**NOTICE**

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This Circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).