UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

SOCORRO KEENAN,

            Plaintiff,

     v.

LETICIA ACOSTA, et al.,

            Defendants.

Case No.: 2:20-cv-02059-KJD-EJY

**ORDER**
**and**
**REPORT AND RECOMMENDATION**

Re:  Plaintiff's Amended Complaint
(ECF No. 6)

Before the Court is *pro se* Plaintiff Socorro Keenan's Amended Complaint.  ECF No. 6.

## I.    BACKGROUND

On November 18, 2020, the Court granted Plaintiff's Application for Leave to Proceed *in forma pauperis* (ECF No. 1), and recommended Plaintiff's claims under 42 U.S.C. §§ 1985 and 1986 against Defendants be dismissed without prejudice, with leave to amend.  ECF No. 4 at 3.  The Court found that even when liberally construed in the light most favorable to Plaintiff, her original Complaint contained no allegation that any Defendant acted under color of state law, which is necessary to state a claim for relief under 42 U.S.C. § 1983.  *Id.*; *see also Morrison v. Jones*, 607 F.2d 1269, 1275-76 (9th Cir. 1979) (a plaintiff must allege a defendant acted under color of state law to state a Section 1983 claim), *cert. denied*, 445 U.S. 962 (1980).  Because a plaintiff must first present a cognizable claim under Section 1983 to state a claim for conspiracy under Section 1985 (*Olsen v. Idaho State Bd. of Med.*, 363 F.3d 916, 930 (9th Cir. 2004)), and the existence of an actionable conspiracy under Section 1985 is a prerequisite for a Section 1986 claim (*Williams v. Sumner*, 648 F.Supp. 510, 511 (D. Nev. 1986)), the Court found Plaintiff failed to state either a Section 1985 or 1986 claim against any of the Defendants.  ECF No. 4 at 3.

Plaintiff also failed to state a Section 1985 claim because she did not allege Defendants were motivated by racial or other class-based animus (*Mollnow v. Carlton*, 716 F.2d 627, 628 (9th Cir. 1983)), nor did Plaintiff offer any facts from which such motivation could be found.  ECF No. 4 at 3.  "As stated above, a plaintiff must demonstrate a conspiracy actionable under Section 1985 to

1

state a Section 1986 claim. *Williams*, 648 F.Supp. at 511. Therefore, as . . . pleaded [in her original Complaint], Plaintiff fail[ed] to allege sufficient facts to state a Section 1985 or 1986 claim against Defendants." *Id*.

## II.    DISCUSSION

Plaintiff filed an Amended Complaint alleging violations of 42 U.S.C. §§ 1981, 1985, and 1986, which is before the Court. ECF No. 6. Plaintiff identifies four parcels of real property that she owns in Las Vegas and Henderson, Nevada. *Id*. ¶ 2. Plaintiff claims Defendants Leticia Acosta ("Acosta"), two of Acosta's privately retained attorneys (Russell G. "Gubler" and Ashveen S. "Dhillon"), and the law firm at which these lawyers are employed (Johnson & Gubler, P.C.) conspired with one another to forge fraudulent documents establishing ownership of Plaintiff's property, after which they filed unlawful detainer actions against Plaintiff in Nevada state court to evict her from her property.[1] *Id*. ¶¶ 3-6, 12-14, 20, 32-35. Plaintiff also alleges Acosta defamed her to her tenants, broke into one of her homes, stole her personal and legal mail, and harassed her tenants with illegitimate foreclosure documents. *Id*. ¶¶ 12, 15-17, 23.

Plaintiff states a viable Section 1981 claim. 42 U.S.C. 1981 bars any individual or entity from discriminating based on race in the making and enforcement of contracts. The Civil Rights Act of 1991 amended Section 1981 to protect "making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship." 42 U.S.C. § 1981(b). To state a Section 1981 claim, a plaintiff must allege that "(1) plaintiff is a member of a racial minority; (2) defendant intentionally discriminated against plaintiff because of his or her race; and[,] (3) the discrimination involved the making or enforcing of a contract." *Bryant v. Casio*, Case No. 2:16-cv-3011-APG-VCF, 2017 WL 487041, at *2 (D. Nev. Jan. 12, 2017). The Supreme Court has clarified that "Section 1981 offers relief when racial discrimination blocks the creation of a contractual relationship, as well as when racial discrimination impairs an existing contractual relationship, so long as the plaintiff has or would have rights under the existing or proposed contractual relationship." *Domino's Pizza, Inc. v. McDonald*, 546 U.S. 470,

---

[1]    Plaintiff misspells Gubler's name throughout her Amended Complaint. The Court uses the correct spelling of this Defendant's name throughout its Order and Report and Recommendation. *Russell G. Gubler*, JOHNSON & GUBLER, P.C., https://johnsongubler.com/russell-g-gubler/ (last visited Dec. 29, 2020).

476 (2006).  Here, Plaintiff alleges she is "an older Hispanic woman and . . . Defendants have used inflammatory racist and sexist language regarding [Plaintiff] to [Plaintiff's] tenants in [an] attempt to discredit [Plaintiff] and to encourage these tenants to not do business with [Plaintiff]."  ECF No. 6 ¶ 22.  Liberally construed, Plaintiff's allegations are sufficient to demonstrate Plaintiff is a member of a racial minority, Defendants intentionally discriminated against her because of her Hispanic heritage, and, as a result, Plaintiff suffered the loss of a legally protected right in the performance and enjoyment of existing contractual relationships with her tenants.  *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014) ("The court liberally construes *pro se* complaints") (internal citation omitted).  Plaintiff's Section 1981 claim will therefore proceed against Defendants.

Plaintiff fails to state a Section 1985 or 1986 claim upon which relief can be granted.  As previously stated, Plaintiff alleges she is an "older Hispanic woman" and that all three Defendants used "inflammatory racist and sexist language" to defame Plaintiff to her tenants.  ECF No. 6 ¶ 22.  Liberally construed, this allegation may be sufficient to demonstrate Defendants were motivated by racial or class-based animus, which is a necessary element of a Section 1985 claim.  *Mollnow*, 716 F.2d at 628; *see also Nordstrom*, 762 F.3d at 908.  Notwithstanding, Plaintiff provides no evidence or argument that any of Defendants were acting under color of state law and, therefore, she fails to state a claim for relief under Section 1983.  *Morrison*, 607 F.2d at 1276-79.  In other words, Plaintiff does not establish why any of the Defendants—alleged to be three private individuals and one entity—should be held liable as governmental actors.  *Kirtley v. Rainey*, 326 F.3d 1088, 1092 (9th Cir. 2003).  It follows that Plaintiff does not state a Section 1985 or 1986 claim against any of the Defendants because a plaintiff must first present a cognizable claim under Section 1983 to state a claim for conspiracy under Section 1985 (*Olsen*, 363 F.3d at 930), and the existence of an actionable conspiracy under Section 1985 is a prerequisite for a Section 1986 claim (*Williams*, 648 F.Supp. at 511).  As this is Plaintiff's second futile attempt to state her Section 1985 and 1986 claims, the Court recommends these claims be dismissed with prejudice.

## III.    ORDER

IT IS HEREBY ORDERED that Plaintiff's claim under 42 U.S.C. § 1981 shall proceed against Defendants.

IT IS FURTHER ORDERED that the Clerk of Court shall issue summonses to the four named Defendants and deliver **four copies of the Amended Complaint (ECF No. 6) together with four copies of this Order and Report and Recommendation** to the U.S. Marshal for service.

IT IS FURTHER ORDERED that the Clerk of Court **shall mail** four copies of the USM-285 form to Plaintiff within **five (5) court days of the date of this Order**.

IT IS FURTHER ORDERED that Plaintiff shall have **twenty (20) court days from the date she receives the USM-285 forms** in which to return the completed forms to the U.S. Marshal. The completed USM-285 forms may be mailed to:

Gary G. Schofield
U.S. Marshal, District of Nevada
Lloyd D. George Federal Courthouse
333 Las Vegas Boulevard S., Suite 2058
Las Vegas, NV 89101

IT IS FURTHER ORDERED that within **twenty (20) court days** after receiving the completed USM-285 forms, the U.S. Marshal shall attempt service on each named Defendant.

IT IS FURTHER ORDERED that within **twenty (20) court days** after Plaintiff receives copies of the USM-285 forms from the U.S. Marshal, that show whether service was accomplished, Plaintiff must file a notice with the Court identifying whether each defendant was served. If Plaintiff wishes to have service attempted again on an unserved defendant, Plaintiff must file a motion with the Court identifying the unserved defendant and providing a more detailed information regarding the unserved defendant's name and/or address, or whether service should be attempted in some other manner. Pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, service must be accomplished within **ninety (90) court days** from the date this Order and Report and Recommendation is entered.

IT IS FURTHER ORDERED that from this point forward, Plaintiff shall serve upon Defendants, or, if appearance has been entered by an attorney for the served defendants, their attorney(s), a copy of every pleading, motion or other document submitted to the Court for consideration. Plaintiff shall include with the original papers submitted for filing a certificate stating the date that a true and correct copy of the document was mailed to Defendants or attorney(s) for Defendants. The Court may disregard any document received by a District Judge or Magistrate

Judge which has not been filed with the Clerk, and any document received by a District Judge, Magistrate Judge, or the Clerk which fails to include a certificate of service.

## IV.    RECOMMENDATION

IT IS HEREBY RECOMMENDED that Plaintiff's claims under 42 U.S.C. §§ 1985 and 1986 be DISMISSED with prejudice.

DATED this 29th day of December, 2020.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

## NOTICE

Pursuant to Local Rule IB 3-2, any objection to this Report and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days.  The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time.  *Thomas v. Arn*, 474 U.S. 140, 142 (1985).  This Circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court.  *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).